[Docket No. 42]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

UNITED STATES OF AMERICA ex rel. SHARON LAMPKIN,

Plaintiff,

v.

PIONEER EDUCATION LLC, et al.,

Defendants.

Civil No. 16-1817 (RMB/KMW)

**OPINION**

**APPEARANCES:**

FRANKLIN J. ROOKS
MORGAN ROOKS, P.C.
525 ROUTE 73 NORTH, SUITE 104
MARLTON, NEW JERSEY 08053

*On behalf of Plaintiff/Relator Sharon Lampkin*

JARED A JACOBSON
JACOBSON & ROOKS, LLC
525 ROUTE 73 NORTH, SUITE 104
MARLTON, NEW JERSEY 08053

*On behalf of Plaintiff/Relator Sharon Lampkin*

RICHARD L. GOLDSTEIN
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
15000 MIDLANTIC DRIVE, SUITE 200
P.O. BOX 5429
MOUNT LAUREL, NEW JERSEY 08054

*On behalf of Defendants Pioneer Education LLC and Jolie Health & Beauty Company*

ANTHONY J. LABRUNA, JR.
U.S. ATTORNEY'S OFFICE
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102

*On behalf of Interested Party the United States of America*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court on the Motion for Leave to File a Second Amended Complaint [Docket No. 42] brought by Plaintiff/Relator Sharon Lampkin ("Relator"). For the reasons expressed below, the Court will grant Relator's Motion, in part, and deny it, in part.

**I. BACKGROUND**

The Court incorporates the recitation of the relevant facts from its previous Opinion, as the facts have not changed. [See Docket No. 38, at 2-4.] In short, Relator alleges that Defendants Pioneer Education, LLC; Pioneer Education Manager, Inc.; and the Jolie Health and Beauty Academy ("Defendants") violated the False Claims Act ("FCA") by falsifying certain records in order to continue to receive funding under Title IV of the Higher Education Act of 1965 (Counts I, II, and III). [See Docket 42-3, ¶¶ 143-222.] She further alleges that Defendants violated the FCA by retaliatorily discharging her after she complained about these alleged improprieties (Count IV). [Id., ¶¶ 223-48.]

The Court dismissed without prejudice an earlier version of Relator's Complaint, which alleged the same Counts. [See Docket Nos. 38-39 (Opinion and Order granting Defendants' earlier Motion to Dismiss). Compare Docket No. 35 (Relator's First Amended Complaint), with Docket No. 42-3 (Relator's Proposed Second Amended Complaint).] Relator timely filed a Motion for Leave to

File a Second Amended Complaint on September 21, 2020. [Docket No. 42.] Defendants timely responded in opposition on November 16, 2020. [Docket No. 50.] Relator did not file a reply brief.

**II. JURISDICTION**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Relator's claims arise under federal law, namely the FCA, 31 U.S.C. § 3728-33.

**III. STANDARD**

**A. Motion for Leave to File an Amended Complaint Standard**

FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." However, if a proposed amendment is futile, the request for leave to amend may be denied. See Arab Africa Int'l Bank v. Epstein, 10 F.3d 168 (3d Cir. 1993); Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003). A proposed amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citation omitted). In making such a determination, the court shall apply the Rule 12(b)(6) motion to dismiss standard. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

To withstand a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

When reviewing a plaintiff's complaint under the motion to dismiss standard, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory, 114 F.3d at 1426; Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV. DISCUSSION

Relator's Proposed Second Amended Complaint ("SAC"), like her Amended Complaint before it, alleges four Counts. [See Docket No. 42-3.] The Court previously dismissed all four Counts without prejudice. Because Counts I, II, and III are subject to a different analysis than Count IV, the Court will address the groups of Counts in turn.

### A. Counts I, II, and III

The Court incorporates its discussion from its previous Opinion of the relevant laws and precedent regarding implied false certification legal falsity FCA claims. [See Docket No. 38, at 8-13.] That analysis concluded with the Court's dismissal of Counts I, II, and III because they "fail[ed] under [Universal Health Servs. v. U.S. ex rel. Escobar's] materiality standard because they [were] devoid of any substantive allegation to support a finding of finding of materiality." [Id. at 12.] Specifically, the Court noted that

> the Amended Complaint does not specify whether the [Department of Education ("DOE")] would have ceased payment of Title IV funds if it learned about any, or all, of the alleged falsifications of student records (Count I), falsifications of [satisfactory academic progress] (Count II), and enrollment of ineligible students (Count III). Although Relator alleges that false statements "caused the Department of Education to pay various claims under Title IV HEA Programs that it would not have paid but for Defendants' fraud," the Amended Complaint lacks any allegations in support of this conclusory declaration of materiality.

[Id. at 12-13 (internal citations omitted).]

In her SAC, Plaintiff does not adequately address this deficiency. Although the SAC adds numerous allegations, none of them provide a basis for the ultimately conclusory allegations that "[h]ad it known about the [allegations] . . . , the Department of Education would have suspended Defendants' receipt of Title IV funds." [Docket No. 42-3, ¶ 172; see also id., ¶¶ 197, 218-19.] These amendments simply do not meet the "demanding" materiality standard. Escobar, 136 S. Ct. at 2003. As noted in the previous Opinion, "[t]he FCA's materiality standard is 'rigorous' and 'demanding[,]' and the statute is not meant to be an 'all-purpose antifraud statute . . . or a vehicle for pushing garden-variety breaches of contract or regulatory violations.'" [Docket No. 38, at 12 (quoting Escobar, 136 S. Ct. at 2002-03).] To protect against this, the FCA does not call for liability for "every undisclosed violation of an express condition of payment." Escobar, 136 S. Ct. at 2001. Rather, "materiality 'look[s] to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation.'" [Docket No. 38, at 12 (quoting Escobar, 136 S. Ct. at 2002).] Here, Relator's allegations with respect to the alleged fraud's effect on the DOE's behavior are still conclusory. Therefore, because Relator's SAC does not state a claim as to

Counts I, II, and III, her attempt to amend her complaint is futile and the Court will deny her Motion with respect to those Counts.[1]

**B. Count IV**

Again, the Court incorporates its previous Opinion's discussion of the standard for a retaliatory discharge claim under the FCA. [See Docket No. 38, at 14-15.] The Court previously held that Relator had not adequately alleged that she "(1) engaged in protected conduct, and (2) was terminated . . . because of engagement in the protected conduct." [Id. at 14 (citing Hutchins v. Wilentz, Goldman & Spitzer, 253, F.3d 176, 186 (3d Cir. 2001) (emphasis added)).] Relator's SAC adds sufficient new allegations to adequately address the deficiencies noted in the Court's previous Opinion. Specifically, the addition of Relator's allegation that she, after complaining to Defendants about her concerns, notified Defendants that she was considering "getting a lawyer to look into the illegal activity at the school." [Docket No. 42-3, ¶ 240.] These allegations are sufficient to alleviate the Court's previous concern that Relator had failed to allege "that her employer had any awareness that he concerns had anything to do with, or raised the possibility of, a contemplated FCA suit."

---

[1] To the extent that discovery obtained in the course of prosecuting Relator's retaliatory discharge claim shows that further amendment of Counts I, II, and III would not be futile, Relator will be permitted to seek leave to amend her Complaint again.

[Docket No. 38, at 14.] Therefore, Relator's SAC satisfies the first requirement of an FCA retaliatory discharge claim.

Moreover, the SAC also adequately alleges that her protected activity was the cause of her termination. According to the SAC, Relator's employment was terminated less than a month after she allegedly notified Defendants that she was considering hiring an attorney. This fact is sufficient to suggest "a clear connection" between the protected activity and the adverse employment action, which this Court had previously found to be lacking. [See Docket No. 38, at 14-15.] However, the Court notes that Relator's SAC omits a relevant detail that was included in the Amended Complaint: namely, that Relator was the subject of a student complaint and that, after being disciplined for the behavior alleged in the student's complaint, Relator confronted the student about it. This all allegedly occurred soon before Relator's employment was terminated. Why this exculpatory fact was not included in the SAC is concerning. Nevertheless, the Court will not address the issue at this stage. Rather, because Relator's SAC, governed by Rule 11, adequately alleges a prima facie retaliatory discharge claim under the FCA, the Court will grant Relator's Motion with respect to that claim.

**V. CONCLUSION**

For the reasons expressed above, the Court will grant, in part, and deny, in part, Relator's Motion for Leave to File a

Second Amended Complaint. Specifically, the Court will grant the Motion with respect to Count IV of the SAC. Conversely, the Court will deny the motion without prejudice with respect to Counts I, II, and III. An accompanying Order shall issue.

April 8, 2021
Date

RENÉE MARIE BUMB
United States District Judge