IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SHARON LAMPKIN,<br><br>  Plaintiff,<br><br>  v.<br><br>PIONEER EDUCATION LLC, *et al.*,<br><br>  Defendants. | Civil No. 16-1817 (RMB/KMW)<br><br>**OPINION** |

**APPEARANCES**

Franklin J. Rooks
Morgan Rooks, P.C.
525 Route 73 North, Suite 104
Marlton, New Jersey 08053

  *On behalf of Plaintiff/Relator Sharon Lampkin*

Jared A Jacobson
Jacobson & Rooks, LLC
525 Route 73 North, Suite 104
Marlton, New Jersey 08053

  *On behalf of Plaintiff/Relator Sharon Lampkin*

Richard L. Goldstein
Marshall, Dennehey, Warner, Coleman & Goggin, PA
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, New Jersey 08054

  *On behalf of Defendants Pioneer Education LLC and Jolie Health & Beauty Company*

Anthony J. Labruna, Jr.
U.S. Attorney's Office
970 Broad Street, Suite 700
Newark, New Jersey 07102

*On behalf of Interested Party the United States of America*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the Motion for Leave to File a Third Amended Complaint brought by Plaintiff/Relator Sharon Lampkin ("Relator"). [Docket No. 57.] For the reasons expressed below, the Court will grant Relator's Motion.

I.     **BACKGROUND**

The Court incorporates the recitation of the relevant facts from its previous Opinions, as the facts have not changed. [*See* Docket No. 38, at 2–4; Docket No. 51, at 2–3.] As the Court previously wrote:

> In short, Relator alleges that Defendants Pioneer Education, LLC; Pioneer Education Manager, Inc.; and the Jolie Health and Beauty Academy ("Defendants") violated the False Claims Act ("FCA") by falsifying certain records in order to continue to receive funding under Title IV of the Higher Education Act of 1965 (Counts I, II, and III). She further alleges that Defendants violated the FCA by retaliatorily discharging her after she complained about these improprieties (Count IV).

[Docket No. 51, at 2 (citations omitted).] On April 8, 2021, the Court granted, in part, and denied, in part, Relator's Motion for Leave to File a Second Amended Complaint. [Docket No. 52.] Specifically, the Court permitted Count IV to proceed, but dismissed the Motion without prejudice with respect to Counts I, II, and III. [*Id.*] In doing so, noted the following deficiency with those three Counts:

2

> the [Second] Amended Complaint does not specify whether the [Department of Education ("DOE")] would have ceased payment of Title IV funds if it learned about any, or all, of the alleged falsifications of student records (Count I), falsifications of [satisfactory academic progress] (Count II), and enrollment of ineligible students (Count III). Although Relator alleges that false statements "caused the Department of Education to pay various claims under Title IV HEA Programs that it would not have paid but for Defendants' fraud," the Amended Complaint lacks any allegations in support of this conclusory declaration of materiality.

[Docket No. 51, at 5 (quoting Docket No. 38, at 12–13).]

After the Court denied, in part, her previous Motion for Leave to File a Second Amended Complaint, Relator filed the present Motion on June 24, 2021. [Docket No. 57.] Defendants filed their response on August 2, 2021. [Docket No. 63.] Plaintiff filed her reply on August 9, 2021. [Docket No. 66.]

## II.   JURISDICTION

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Relator's claims arise under federal law, namely the FCA, 31 U.S.C. § 3728–33.

## III.   LEGAL STANDARD

FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." However, if a proposed amendment is futile, the request for leave to amend may be denied. *See Arab Africa Int'l Bank v. Epstein*, 10 F.3d 168 (3d Cir. 1993); *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003). A proposed amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citation omitted). In

3

making such a determination, the court shall apply the Rule 12(b)(6) motion to dismiss standard. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

To withstand a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. *Id.* at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

When reviewing a plaintiff's complaint under the motion to dismiss standard, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. *See In re Burlington*

*Coat Factory*, 114 F.3d at 1426; *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV. ANALYSIS

The Court finds that Relator's latest round of proposed amendments to her Complaint—which provide several examples of cases in which the DOE "actively [sought] to recoup Title IV payments for violations" similar to the violations alleged here, [*see* Docket No. 57, at 4]—address—barely—the deficiencies previously articulated by the Court. The Court notes, however, the tenuous footing upon which Counts I, II, and III stand. In the eyes of this Court, the thrust of Relator's case—aside from her retaliation claim—may raise questions with respect to Rule 11. In particular, while it is true that other cases with *similar* facts support Relator's position, it cannot be ignored that the DOE is already aware of at least a substantial portion of the relevant evidence here. In spite of that, the Government declined to intervene in this matter and has not sought to recoup payments. Relator discounts this fact as having no bearing on this case. The Court will leave this issue for another day.

In any event, the Court finds that "justice . . . requires" it to permit Relator to file her Third Amended Complaint as proposed, at this juncture. However, the Court notes that this case appears to be a relatively straightforward employment retaliation case. With that in mind, the Court notes that discovery on Counts I, II, and III should be quite limited and should not devolve into a fishing expedition in an effort for Relator to be able to justify its claims.

## V. CONCLUSION

For the reasons expressed above, the Court will grant Relator's Motion for Leave to File a Third Amended Complaint. [Docket No. 57.] An accompanying Order shall issue.

<u>October 19, 2021</u>                           <u>s/Renée Marie Bumb</u>
Date                                            RENÉE MARIE BUMB
                                                  United States District Judge